IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| EDDIE LEE JINKS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  CV 313-068 |
| | ) |
| JASON MEDLIN, Warden, et al., | ) |
| | ) |
| Defendants. | ) |

**O R D E R**

*Pro se* Plaintiff, an inmate at Wheeler Correctional Facility in Alamo, Georgia, brought the above-captioned case pursuant to 42 U.S.C. § 1983 and is proceeding *in forma pauperis* ("IFP"). Before the Court is Plaintiff's motion to compel the deposition of seven Defendants by written question pursuant to Fed. R. Civ. P. 31 and an answer to a subpoena "to produce documents, information or objects or to permit inspection of premises." (Doc. no. 49.) Defendants oppose the motion and, alternatively, move for a protective order relieving them of attending the depositions if the Court grants Plaintiff's motion to compel. (Doc. no. 51.) For the reasons stated below, the Court **DENIES** Plaintiff's motion and **DENIES AS MOOT** Defendants' motion.

### I.    BACKGROUND

According to Plaintiff, on April 7 and April 29, 2014, he mailed notices to depose each defendant upon written questions pursuant to Rule 31. (Doc. no. 49, p. 1.) He attached to the notice a list of twenty-five questions he wanted posed to each defendant at Wheeler Correctional Facility or a courtroom in this District. (Id. at 10-18.) Defense counsel wrote Plaintiff a letter on April 16, 2014, objecting to the first notice and asking Plaintiff to withdraw

the notice because Plaintiff had not made arrangements to record and transcribe or type the depositions. (Id. at 6.) Because Plaintiff is proceeding IFP and therefore cannot pay to have the depositions taken, defense counsel suggested that Plaintiff use "other more efficient means of discovery." (Id.) Plaintiff then responded with two letters suggesting possible solutions to the recording issue, such as using a tape recorder or camera in Wheeler Correctional Facility's possession. (Id. at 4-5.) Plaintiff also attempted unsuccessfully to contact defense counsel by phone. (Id. at 1.) Defense counsel states he did not receive one of these letters, but had he received it he would have filed a motion for protective order. (Doc. no. 51, p. 2.) If the Court grants the motion to compel, Defendants move for a protective order relieving them of attending the depositions until Plaintiff has made the arrangements required by Rule 30(b)(3) for the recordation of the depositions. (See Doc. no. 51.)

Plaintiff has also attached a handwritten "subpoena to produce documents, information or objects or to permit inspection of premises" he purportedly executed on April 11, 2014, that Defendants did not respond to. (Doc. no. 49, pp. 7-9.) Plaintiff seeks $2,500.00 as reasonable expenses and attorney's fees in bringing his motion to compel.

**II. ANALYSIS**

### A. Plaintiff's Motion to Compel Depositions by Written Question is Denied Because He Has Not Complied with Rule 31.

The Federal Rules require that a deposition by written question be taken before an "officer" designated under Rule 28(a). Fed. R. Civ. P. 31(b). Under Rule 28(a)(1), an officer "must" be one authorized to administer oaths, such as a notary, or one "appointed by the court where the action is pending to administer oaths and take testimony." Fed. R. Civ. P. 28(a)(1)(B). The officer must "ask the deponent [the written] questions and record the answers verbatim." Fed. R. Civ. P. 31(b); Fed. R. Civ. P. 30(c)(3). The officer must provide a copy "of

the transcript or recording" to the plaintiff only after payment of costs. Fed. R. Civ. P. 31(b); Fed. R. Civ. P. 30(f)(3).

Plaintiff is proceeding with this action IFP. Plaintiff's notices to depose Defendants by written question do not contain any information concerning his ability to pay the costs associated with the deposition, including the costs of hiring the necessary officer to administer the oath, record the proposed deposition, retain custody of the tape recording made of the deposition until costs are paid by a party for copies, and perform the numerous other duties required of the officer in Rule 31. The Court will not require Defendant or the Court to bear the cost of the proposed depositions. See Love v. Mem'l Health Univ. Med. Ctr., Inc., No. CV 413-112, 2013 WL 6408344, *1 (S.D. Ga. Dec. 6, 2013) ("no provision of [the IFP] statute 'authorizes courts to commit federal monies for payment of the necessary expenses in a civil suit brought by an indigent litigant.'"); Doye v. Colvin, No. CV 408-174, 2009 WL 764980, at *1 (S.D. Ga. Mar. 23, 2009) (finding plaintiff proceeding IFP was "not entitled to public funding to defray the costs of the depositions"); Rowan v. Tucker, No. 4:10-CV-429-MP-GRJ, 2011 WL 4551479 (N.D. Fla. Sept. 28, 2011) (holding plaintiff was responsible for cost of hiring court reporter for holding deposition by written question despite his IFP status and incarceration).

Because Plaintiff has not demonstrated that he can pay for the requested depositions, his motion to compel is **DENIED**.

### B. Plaintiff's Motion to Compel a Response to the Subpoena is Denied Because It Is Not in Compliance with Rule 45.

Plaintiff also moves the Court to compel a response to his "subpoena." (Doc. no. 49, p. 2.) Pursuant to Rule 45, a proper subpoena is issued by the Clerk of Court. Fed. R. Civ. P. 45(a). Because Plaintiff unilaterally wrote and issued this subpoena himself, it is not a proper subpoena and the Court **DENIES** Plaintiff's motion to compel a response to it. However, the

Court also advises Plaintiff that subpoenas are normally used to obtain from a non-party testimony or documents (or other things). Additionally, while Plaintiff is generally entitled to issuance of a subpoena, he may incur significant expense in employing it. If he uses a subpoena to command a nonparty witness's appearance, he will be required to pay the witness's fees and mileage as allowed by law, unless the fees are waived. Fed. R. Civ. P. 45(b)(1). Additionally, he may incur the costs of a process server. Id. As noted above, Plaintiff is responsible for his own discovery costs. See Love, No. CV413-112, 2013 WL 6408344, at *1.

### III. CONCLUSION

For the reasons set forth above, the Court **DENIES** Plaintiff's motion to compel and **DENIES AS MOOT** Defendants' motion. Because the Court is denying Plaintiff's motion to compel, the Court also **DENIES** Plaintiff's request for fees. See Fed. R. Civ. P. 37(a)(5). As noted in this Court's February 26, 2014 Order, to satisfy his discovery needs, Plaintiff may avail himself of several other, more efficient discovery tools at his disposal, including (1) serving interrogatories pursuant to Rule 33, (2) serving document requests pursuant to Rule 34, and (3) serving requests for admissions pursuant to Rule 36.

SO ORDERED this 28th day of August, 2014, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA